UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN D. RISNER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner | ) |  |
|  | ) |  |
| v. | ) | Cause No. 3:11-CV-106-RLM |
|  | ) | Arising out of 3:08-CR-49(01)RM |
| UNITED STATES OF AMERICA | ) |  |
|  | ) |  |
| Respondent | ) |  |

OPINION and ORDER

Kevin Risner was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and one count of possessing a silencer not registered to him in violation of 26 U.S.C. § 5861(d) and § 5871. A jury found him guilty of the first count and not guilty of the second count. On direct appeal, Mr. Risner raised only the issue of whether his pre-trial suppression motion was properly denied, and the court of appeals affirmed this court's ruling. United States v. Risner, 593 F.3d 692 (2010). Mr. Risner now has filed a motion under 28 U.S.C. § 2255 that objects to three sentencing-related matters. At his request, the court granted Mr. Risner four extensions of time to amend his petition, but he never amended it.

Relief under § 2255 is available only when "the alleged error is 'jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice.'" Barnickel v. United States, 113 F.3d 704, 705 (7th Cir. 1997) *quoting* Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992). Thus, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for

extraordinary situations." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996).

Mr. Risner faces a further difficulty with his motion; all three of his claims relate to the court's implementation of the United States Sentencing Commission's Sentencing Guidelines and he did not raise these issues on direct appeal. "[A] habeas corpus petition is rarely if ever the proper vehicle by which to challenge the application of a Sentencing Guideline provision where the sentence has become final and the petitioner did not directly appeal the issue." Prewitt v. United States, 83 F.3d at 816 *citing* Scott v. United States, 997 F.2d 340, 342 (7th Cir. 1993). In such a case, the collateral review of such issues is barred unless the petitioner can show one of two things: (1)both good cause for the failure to raise the claims on direct appeal and actual prejudice from failure to raise those claims, or (2) that a fundamental miscarriage of justice would result from the barring of the claims. Prewitt, 83 F.3d at 816; *citing* Reed v. Farley, 512 U.S. 339, 354 (1994). In each of his three claims, Mr. Risner complains about both unfairness and his counsel's ineffectiveness in not persuading the court on each issue.

A.

In his first claim, Mr. Risner correctly asserts that there was an error in the sentencing memorandum. While the sentencing memo correctly assesses one criminal history point for a conviction Mr. Risner received in 2006, it incorrectly labels that conviction as being for "operating a vehicle while being adjudged a

2

Habitual Traffic Offender." In fact, the 2006 conviction was for "Battery Resulting in Bodily Injury," and the count for operating a vehicle while being adjudged a Habitual Traffic Offender charge was dismissed. Notwithstanding the incorrect name of the charge, the court based the single criminal history point on the length of the sentence received for the 2006 conviction, not the title of the count of which Mr. Risner was convicted. Without the typo, the number of criminal history points would have been the same. Furthermore, Mr. Risner's criminal history category was determined to be category III. Category III includes people who have between 4 and 6 criminal history points. Even if Mr. Risner hadn't been convicted of any crime in 2006, his criminal history category would have remained at category III and the sentencing guideline range that resulted would have been unchanged.

Mr. Risner asserts he was deprived of effective assistance of counsel because his attorney didn't raise this issue at sentencing or on appeal. To succeed on such a claim, Mr. Risner would need to show both that his counsel's performance was so deficient that it fell below a minimum objective professional standard and that, but for that deficient performance, the outcome would be different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A court need not decide one prong of the Strickland test before the other, and if it's clear that the petitioner can't show one prong or the other, the court can deny the ineffective assistance claim on that and not consider the other prong. Strickland 466 U.S. at 697. That is the case here. Without considering whether Mr. Risner's counsel should have objected to the incorrect title of his 2006 conviction, the court can

3

decide that no prejudice resulted. Were the crime properly labeled in the sentencing memorandum, the criminal history points would have been the same, the resulting guidelines range would have been the same, and the ultimate outcome would have been the same. There is no viable ineffective assistance of counsel claim regarding Mr. Risner's counsel's failure to object to the harmless mistake in the sentencing memorandum.

The alternative method for bringing a claim under § 2255, that is, asserting that there has been a fundamental miscarriage of justice, isn't viable. Mr. Risner doesn't assert he is actually innocent of the crime he was convicted of in this case and that there was no prejudice to him regarding the misnaming of the 2006 conviction also indicates that there is no miscarriage of justice associated with that mistake.

B.

In his second claim, Mr. Risner takes issue with the imposition of a two-level base offense level enhancement that was assessed after the court determined he obstructed justice within the meaning of U.S.S.G. § 3C1.1. The court found by a preponderance of the evidence that certain trial testimony of Mr. Risner was false. Mr. Risner now asserts that his testimony wasn't false and that his attorney's performance was deficient because he didn't defend the allegation of lying on the stand or allow Mr. Risner to clarify his remarks in a way that would make it apparent to the court that he wasn't actively misleading the court.

4

In several instances, Mr. Risner made assertions during direct examination that were refuted – usually by playing back recordings of earlier interviews – during cross examination. For instance, Mr. Risner claimed that he last used the .22 to squirrel hunt in 2004, yet the recorded interview with ATF agent Jeffrey Emmons indicated that he last used it in 2007. Also, Mr. Risner claimed that his friend Ms. Dean shot at a dog in 2007, yet the same recorded interview seemed to indicate that he shot at the dog. Mr. Risner asserted on the stand that he received a weapon from his father in 2002, so the bill of sale transferring all his firearms to his friend in 2004 was properly dated, not back-dated. This was controverted by Mr. Risner telling Agent Emmons that he received the firearm from his father two years before a 2008 interview with the ATF.

The court, faced with evaluating the substance of Mr. Risner's testimony, his demeanor while on the stand, the other testimony in the case, the circumstances surrounding the facts, and the recorded interview, decided that Mr. Risner attempted to obstruct justice within the meaning of U.S.S.G. § 3C1.1 through his trial testimony.

Even if that sentencing finding was wrong, that in and of itself is not a constitutional claim (unless it caused the sentence to be above the statutory maximum or led to a miscarriage of justice, neither of which are alleged here). Mr. Risner says alternatively that he was denied adequate representation in violation of his Sixth Amendment rights because his attorney did not fully raise his side of the story in front of the jury or object to the obstruction of justice finding in the

sentencing process. Neither of these ineffective assistance of counsel claims is based in fact or law.

First, Mr. Risner himself addressed these issues in front of the jury, both on direct examination and on cross examination. For instance, he had the chance to tell the jury that when he told Agent Emmons in 2008 that he hunted squirrel "last year," he really meant the year before he was convicted as a felon. He also had the chance to explain that when he said in 2008 that he had last gotten the .22 out of the cabinet in September to shoot at a dog, that he really meant that Ms. Dean did so. Further, on the stand he elaborated on the confusing bill of sale that seems to include a gun he didn't own until years after he was a convicted felon and years after he claimed he transferred all his guns to Ms. Dean. Between direct examination and cross examination, Mr. Risner had ample opportunity to explain these inconsistencies. That his attorney was unable to rehabilitate the apparent inconsistencies in Mr. Risner's testimony didn't make his attorney's performance deficient for Sixth Amendment purposes. The test for ineffective assistance of counsel is much more objective than Mr. Risner proposes; the court must explore whether the performance of Mr. Risner's counsel so deviated from acceptable standards that it amounted to a denial of effective assistance and prejudiced the outcome. <u>Strickland v. Washington</u>, 466 U.S. at 688. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has

proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id., at 689. The trial record shows that Mr. Risner's attorney presented Mr. Risner's side of events to the jury. The tape-recorded evidence that was played in court, the other witnesses, and Mr. Risner's own testimony on cross examination probably persuaded the jury – and definitely persuaded the court when it made its obstruction of justice finding – that Mr. Risner offered false testimony during the trial. This doesn't reflect negatively on the performance of Mr. Risner's attorney and Mr. Risner hasn't shown that any approach his attorney took during trial would rise to the level of a Strickland claim.

Second, as an alternate theory, Mr. Risner asserts that his attorney should have objected to the sentencing enhancement for obstruction of justice. His attorney did object. Mr. Risner's attorney filed a sentencing memorandum on June 17, 2009, that specifically objected to the proposed obstruction of justice finding. In this sentencing memorandum, Mr. Risner's attorney acknowledged that Mr. Risner was found guilty by a jury, yet he proposed, among other arguments, a theory under which Mr. Risner could have been guilty of constructive possession of the firearm in the jury's eyes while not lying on the stand about the specific instances of possession of which the government accused him. In another argument, Mr. Risner's attorney pointed out that the government could have called Mr. Risner's father as a witness, but didn't do so. This tended to show, he argued, that Mr. Risner could have told the truth on the stand about when he got the shotgun from his father.

7

The court opted to overrule Mr. Risner's attorney's arguments, but that doesn't mean the arguments weren't well made, or, as Mr. Risner asserts, not made at all. To succeed on a Strickland claim, a petitioner must show that his counsel's performance was grossly incompetent to the point that the attorney was not acting as counsel and the verdict is therefore suspect. Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002) *citing* Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Strickland v. Washington, 466 U.S. 668, 687. That an argument didn't succeed doesn't mean it was poorly made, and, even if counsel makes a mistake, there often is not a viable ineffective assistance of counsel claim. United States v. Recendiz, 557 F.3d 511, 531 (7th Cir. 2009) ("'effective' does not mean successful or without flaw."). Mr. Risner's attorney made at least two cognizable arguments against the obstruction of justice enhancement; that the court did not accept those arguments does not mean that Mr. Risner was denied the effective assistance of counsel.

C.

In his third claim, Mr. Risner cites what he believes are a number of factual errors in the court's sentencing memorandum. He claims that these errors led to sentencing enhancements, and, once corrected, he should be granted a resentencing. A review of the record leads the court to conclude that none of the points is likely a mistake but, even if one or more is wrong, that in and of itself is not a constitutional claim (unless it caused the sentence to be above the statutory

8

maximum or led to a miscarriage of justice, neither of which are alleged here). In the alternative, Mr. Risner says that he was denied adequate representation in violation of his Sixth Amendment rights because his attorney didn't object to the factual errors.

First, Mr. Risner claims the court was inaccurate when it observed that he committed traffic offenses while on bond and many of his past arrests involved alcohol abuse. The presentence report reflects exactly this; there are numerous arrests for substance-abuse related crimes and some of those arrests happened when he was on bond for other charges. While it isn't entirely clear, Mr. Risner might be saying that he wasn't convicted of all the crimes referenced in this section. Even if a charge is dismissed pursuant to a plea agreement or after a defendant completes a diversion program, the court still can consider the conduct in determining sentencing issues. United States v. Valenti, 121 F.3d 327, 334 (7th Cir. 1997) ("It is well established that in determining a defendant's sentence a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted."). With this in mind, the court relied on reliable information about the timing of various arrests that has not been countered or disproved.

Second, Mr. Risner claims that his multiple arrests for batteries should not have led the court to observe that "the court cannot say he has no history of violence." He claims that the three arrests for violence (strangulation and domestic battery, battery and resisting law enforcement, and battery resulting in bodily

9

injury) were "based on false allegations. ... [i]f such allegations held merit, they would be convictions." Mr. Risner was convicted of one of the three charges and the court can take into account arrests that do not lead to convictions when making sentencing findings. United States v. Valenti 121 F.3d at 334. Mr. Risner has a history of violence.

Third, Mr. Risner claims that when the court wrote "until 2007 the longest sentence he served was nine months," that the court was implying that he served more time in 2007. Indeed, Mr. Risner's 2007 arrest led to a nine year sentence, but that sentence was not handed down until 2009. In any case, the court wasn't commenting on sentences Mr. Risner received in 2007, but instead was saying that, regarding the eight convictions before 2007 that are reflected on Mr. Risner's presentence report, the longest sentence he received was nine months. The report bears this out in two ways and there is no indication it was not an accurate statement. First, many of Mr. Risner's prior convictions had suspended jail time and no executed time. Second, in 2004, Mr. Risner pleaded guilty to operating a vehicle while intoxicated and was sentenced to 18 months, 9 of which were suspended and 9 of which were to be executed. In that case, the court allowed Mr. Risner to serve the unsuspended portion of his sentence on home detention, but home detention isn't a suspension; it was a sentence nonetheless and the statement was accurate.

Fourth, Mr. Risner takes issue with the court's sentencing memorandum sentence: "In April 2009, he received a net nine year sentence, but a bench

warrant was issued due to his failure to appear. Mr. Risner began to serve that sentence after this offense." While the sentence is not inaccurate, it is more concise to say that Mr. Risner was arrested in September of 2007, failed to appear in November 2007, which led to the issuance of a bench warrant, was tried and convicted in February 2009, and sentenced to a net nine years in April 2009; the arrest on federal gun crimes in this case occurred in between his arrest in the state case and the imposition of that nine year sentence. This clarification doesn't change the substance of the court's observation: that he was sentenced to nine years, that he had a failure-to-appear and resulting bench warrant, and that the events leading to this crime occurred before that sentence began.

Fifth, Mr. Risner objects to the court noting: "The probation officer reports that Mr. Risner was dishonest during the presentence interview process, and much of the information he provided during his interview was conflicting and contradicted by earlier presentence reports by the Starke County Probation Department." This is a true statement. The probation officer indicated that she felt that Mr. Risner provided information that did not align with prior presentence reports and the court reflected this comment in its sentencing memorandum. The probation officer's observation reflects both on Mr. Risner and on how the report was created. It is not a finding by the court that Mr. Risner lied during the interview, but rather just a note that the probation officer said he was dishonest. The note was taken into consideration but did not lead directly to any enhancement. Without needing to further opine on whether the probation officer

11

was accurate in her assessment of Mr. Risner's veracity, the court notes that the statement itself, in its reflection of what the probation officer said, is accurate.

Mr. Risner might have a different perception of some of his personal history, but all the statements that Mr. Risner objects to appear to be based on accurate information. As a result, there is no cognizable claim for ineffective assistance of counsel because failure to object to statements that continue to appear accurate can't constitute performance below an objective standard and because objections to these five matters wouldn't have produced a different result for Mr. Risner. Mr. Risner's third § 2255 claim, then, must be rejected.

D.

In conclusion, Mr. Risner has not shown a constitutional flaw with the judgment or sentence or met the stringent standard necessary to raise a claim under 28 U.S.C. § 2255 and his petition is DENIED.

SO ORDERED.

ENTERED:  March 8, 2012

    /s/ Robert L. Miller, Jr.
Judge
United States District Court

cc:    Risner, K
       Maciejczyk, J (AUSA)